## Commonwealth v. Tome

*J. Michael Williamson, District Attorney,* for Commonwealth.
*Merritt McKnight,* for defendant.

BROWN, *P. J.,* March 14, 1977 — This matter is before the court on defendant's motion to quash the information in these proceedings which charge him with theft and unauthorized use of a motor vehicle. The basis for the motion is that a former prosecution for another offense in another jurisdiction bars the present prosecution as provided in section 110 of the Crimes Code of December 6, 1972, P.L. 1482, 18 Pa.C.S. §110.

The present charges of theft and unauthorized use of a vehicle are based upon the alleged taking of a 1970 Ford truck from George S. Baney. It is alleged that the truck was taken on or about January 4, 1977, prior to 8 a.m. in Bald Eagle Township, Clinton County, Pa. Following the alleged taking, the vehicle ended up in Nippenose Township, Lycoming County, Pa., where it was involved in an accident around 2 p.m. on January 4, 1977, at a time when the vehicle was being operated by Edward Chester Tome, the defendant. No evidence has been presented regarding defendant's actions between the time of the taking of the vehicle and the time of the accident. As a result of the Lycoming County accident defendant was charged by the Jersey Shore Regional Police with the offenses of assault, terroristic threats, driving under the influence and disorderly conduct. These offenses were ultimately disposed of by the Criminal Division of the Court of Common Pleas of Lycoming County on January 31, 1977, when defendant entered a plea of guilty to the charge of driving under the influence and to the charge of disorderly conduct.

The Lycoming County charges were investigated by Officer Robert P. Corbin of the Jersey Shore Regional Police Department, who arrived at the accident scene at around 2:00 p.m. where he observed the 1970 Ford pickup in question in an overturned condition with defendant lying in the pickup. Defendant was then taken to the Jersey Shore Hospital for observation following which on the same day Officer Corbin arrested him on the charges previously referred to. Officer Corbin apparently was aware prior to defendant's arraignment before the District Justice of the Peace that the vehicle in question had been reported stolen.

However, independent of the Jersey Shore Regional Police investigation of the Lycoming County accident, the Pennsylvania State Police in Clinton County through Trooper Keeler investigated the alleged theft of the same vehicle in Clinton County. Trooper Keeler learned of the Lycoming County prosecution on January 5, 1977, and subsequently filed the Clinton County prosecution on January 21, 1977.

Section 110 of the Crimes Code provides:

"Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances:

"(1) The former prosecution resulted in an acquital or in a conviction as defined in section 109 of this title (relating to when prosecution barred by former prosecution for same offense) and the subsequent prosecution is for:

"(i) any offense of which the defendant could have been convicted on the first prosecution;

"(ii) any offense based on the same conduct or arising from the same criminal episode, if such of-

fense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . ."

less the court offered a separate trial of the charge of such offense . . ."

Defendant contends that he is entitled to relief under both subsections (1)(i) and (1)(ii). Since the Lycoming County prosecution did not involve any theft on theft related charges, it cannot be said that defendant could have been convicted in that prosecution for any of the charges now before this court. Accordingly, defendant's position cannot be sustained by relying on subsection (1)(i).

Whether defendant is entitled to have the present prosecution dismissed under subsection (1)(ii) is a more difficult question to resolve because of the difficulty in interpreting and applying that section. In order to apply the liberalized statutory concept of double jeopardy the court must be able to answer three questions in the affirmative. First, is the Clinton County prosecution based upon the same conduct or does it arise out of the same criminal episode as the Lycoming County prosecution? Second, was the Clinton County offense known to the appropriate prosecuting officer at the time of the commencement of the first trial? Third, was the Clinton County offense within the jurisdiction of a single court?

With regard to the first question the court does not believe that the Clinton County charges of theft and unauthorized use of a motor vehicle are based on the same conduct or that they arise from the same criminal episode as the Lycoming County prosecution for driving under the influence

and for the various assault charges. Defendant relies heavily on the argument that in order for him to be guilty of the Clinton County charges he must have been in operation of the motor vehicle in question and similarily in order to have been guilty of the Lycoming County charges he must likewise have been in operation of the same motor vehicle on the same date. While defendant's operation of the same vehicle in committing both offenses is a factor to be considered it does not necessarily control in determining whether both offenses arise out of the same conduct or criminal episode. There is no evidence before the court as to what transpired between the taking of the vehicle and the time of the driving under the influence offense which covers a time lapse of at least six hours. It is thus difficult to conceive of any continuity in time between the two offenses. It is also difficult to conceive of any logical relationship between the two charges so as to be able to conclude that they are based on the same conduct or arise from the same criminal episode. In this respect the Clinton County theft related charges involve an offense against property while the Lycoming County offense of driving under the influence is based upon the hazard presented by defendant to the traveling public in Lycoming County. As such the offenses are designed to protect different societal interests.

The second question is likewise difficult to resolve. The prosecutions involve two different prosecuting officers from two distinct law enforcement agencies operating within the confines of two distinct geographical areas. The driving under the influence and assault charges arose in Nippenose Township, Lycoming County, and were appropriately investigated and prosecuted by an

officer of the Jersey Shore Regional Police which is the proper law enforcement agency to conduct and prosecute the investigation in that municipality. On the other hand, the Clinton County charges of theft and unauthorized use of a motor vehicle are alleged to have occurred in Bald Eagle Township, Clinton County, and were properly investigated by the Pennsylvania State Police which is the proper law enforcement agency to perform such functions within Bald Eagle Township. Thus, it is difficult to find that Officer Corbin of the Jersey Shore Regional Police was the *appropriate* prosecuting officer to know of and to pursue the Clinton County offense. Since he was the prosecuting officer he was in control of the Lycoming County prosecution. The appropriate Clinton County prosecuting officer was conversely not in control of those proceedings.

Finally, the court does not believe that the Clinton County charges were within the jurisdiction of a single court, and more particularly with respect to venue the proper county for bringing the charges would have been in Clinton County. It appears in this situation that defendant's having crossed county lines with the vehicle, he thus legitimately subjected himself to prosecution in both counties for separate and unrelated offenses. Conceivably, it could be argued that the charges of theft and unauthorized use of a motor vehicle were continuing offenses which followed defendant into Lycoming County and that he could have been prosecuted in both counties for that offense. Even if this is so, the situation still exists that the offense of theft and unauthorized use of a motor vehicle were not within the jurisdiction of a single court if they could have been prosecuted in the courts of Lycoming County and of Clinton County.

The court concludes that section 110 of the Crimes Code does not bar the present prosecution. The Lycoming County prosecution for driving under the influence is not sufficiently related either in time or in logic to the present theft charges so as to bar the subsequent prosecution of the latter. In actuality, the two prosecutions are so unrelated that they probable could not be tried together, since evidence of defendant's intoxication in the`one prosecution would unduly prejudice the jury in the second prosecution which would not permit the introduction of such evidence. Section 110 was enacted for the purpose of preventing a person from being unduly harassed by multiple or serialized prosecutions for related offenses which could have been legitimately prosecuted in one proceeding. The offenses in question could not have been so prosecuted, and there is no undue harassment in their separate prosecution in separate courts.

### ORDER

And now, March 14, 1977, based upon the foregoing opinion, it is hereby ordered that defendant's motion to quash the information in these proceedings be dismissed and the requested relief denied.